UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GYPSIE JONES,

        Plaintiff,

   v.

COSTCO WHOLESALE CORPORATION,
a Washington corporation, dba
COSTCO #133, and DOES ONE to
FIFTY, inclusive,

        Defendants.

NO. CIV. S-05-1126 FCD DAD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter comes before the court on defendant Costco Wholesale Corporation's ("Costco") request for reconsideration of the Magistrate Judge's ruling regarding a discovery dispute between the parties. For the reasons set forth below,[1] defendants' motion is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

Plaintiff filed a complaint in this action, alleging that she encountered certain architectural barriers which violated the Americans with Disabilities Act ("ADA") at defendant Costco's Redding, California warehouse store.  During the course of discovery, plaintiff served defendant with a Rule 34 request seeking the inspection of the public areas of Costco's warehouse to determine the existence of ADA violations.  Defendant objected to the unlimited scope of the inspection.  Because the parties were unable to resolve their dispute regarding the scope of the inspection of defendant's warehouse, the parties submitted a Joint Discovery Dispute to the Magistrate Judge.  On April 28, 2006, the Magistrate Judge issued his order, granting plaintiff's motion to compel and denying defendant's motion for a protective order.

Pursuant to E.D. Local Rule 72-303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."  In this case, the Magistrate Judge applied Rules 34 and 26 of the Federal Rules of Civil Procedure[2] in resolving the discovery dispute between the parties.  Rule 34 allows any party to serve on the other party a notice to permit entry upon designated property and inspection within the scope of Rule 26(b).  Rule 26 provides

> [p]arties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party . . . .  Relevant information *need not be admissible at trial* if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

---

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

Fed. R. Civ. Proc. 26(b)(1) (West 2006) (emphasis added). As such, the Federal Rules of Civil Procedure provide for broad discovery.

Defendant argues that the Magistrate Judge's ruling was contrary to law because it allows plaintiff an inspection of barriers which plaintiff may not have encountered or had reason to know about at the time of filing her complaint. In support of its argument, defendant cites this court's holding in White v. Divine Investments, Inc., 2005 WL 2491543 (E.D. Cal. Oct. 7, 2005). In White, the court interpreted the Ninth Circuit's decision in Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133 (9th Cir. 2002) as confining plaintiff on summary judgment to addressing only those barriers alleged in the complaint. Therefore, the court held that plaintiff did not satisfy the requirements of Article III standing to sue for additional barriers not alleged in the complaint. The court also found persuasive an unpublished decision issued by Judge Levi, Martinez v. Longs Drugs Stores, 2005 WL 2072013 (E.D. Cal, Aug. 25, 2005), which arrived at the same conclusion. However, the Ninth Circuit has not addressed this issue, and at least one subsequent decision within this district came to the opposite conclusion as those in White and Martinez. Wilson v. Pier 1 Imports, 413 F. Supp. 2d 1130 (E.D. Cal. 2006).

However, regardless of the state of the law regarding Article III standing to sue for barriers not alleged in the complaint, the Magistrate Judge's finding involved the application of Rules 34 and 26, not Article III standing. While the Magistrate Judge may have expressed his own views and

3

disagreement with the <u>White</u> decision, he also made clear that those issues were not before him and that it was clear to him "that the sought after information is relevant . . . and reasonably calculated to the discovery of potentially admissible evidence." (Tr. of Hr'g, dated Apr. 28, 2006, 5:21-25). Discovery is broad under the Federal Rules of Civil Procedure, and the Magistrate Judge found that the inspection of defendant's entire warehouse was relevant and was reasonably calculated to the discovery of potentially admissible evidence pursuant to Rule 26. Therefore, the Magistrate Judge's decision to grant plaintiff's motion to compel full inspection of the public areas of the premises is not clearly erroneous or contrary to law.

    For the foregoing reasons, defendants' motion for reconsideration is DENIED.

    IT IS SO ORDERED.

DATED: June 9, 2006

                                    /s/ Frank C. Damrell Jr.
                                    FRANK C. DAMRELL, Jr.
                                    UNITED STATES DISTRICT JUDGE